UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                            Case No: 6:15-bk-02498-KSJ
WADE MARTIN ROME
KATHLEEN MALONEY ROME                                             Chapter 7

        Debtors.
_____/

CARLA P. MUSSELMAN, CHAPTER 7.
TRUSTEE FOR THE ESTATE OF,
WADE MARTIN ROME AND
KATHLEEN MALONEY ROME,

        Plaintiff,

v.                                                                Adversary Proceeding
                                                                  No. 6:15-ap-00130-KSJ

WADE MARTIN ROME and
KATHLEEN MALONEY ROME,

        Defendants.
_____/

JOHN BELTRAMO, AS TRUSTEE OF THE JOHN W.
BELTRAMO REVOCABLE TRUST DATED,
FEBRUARY 27, 1992, (hereinafter "BELTRAMO"),

        Plaintiff,

v.                                                                Adversary Proceeding
                                                                  No. 6:15-ap-00131-KSJ

WADE MARTIN ROME and
KATHLEEN MALONEY ROME,

        Defendants.
_____/

ROBERT THOMAS, individually and as assignee,
beneficiary or successor to ROBERT THOMAS III,

**TRUSTEE OF THE ROBERT THOMAS REVOCABLE
TRUST DATED APRIL 6, 1989, FREDERICK
LAUFER, individually and as assignee, beneficiary,
or successor to FEDERICK LAUFER, M.D. and LAURA
WALSH AS TENANTS BY THE ENTIRETIES,
and BRIAN KAUFMAN, individually and as assignee,
beneficiary or successor to RICHARD F. KAUFMAN
and NORMA V. KAUFMAN TRUSTEES OF KAUFMAN
REVOCABLE LIVING TRUST DATED JANUARY 30, 1996**

   **Plaintiffs,**

**v.**                     **Adversary Proceeding
                              No. 6:15-ap-00132-KSJ**

**WADE MARTIN ROME,**

   **Defendant.**
_____/

## MOTION FOR JUDICIAL NOTICE

  COME NOW the Defendants, by and through Counsel undersigned, and move pursuant to Rule 201, Federal Rules of Evidence ("Rules"), for the Court to judicially notice the provisions of the Adversary Proceedings described below, and in support thereof states as follows:

  1. Rule 201(b)(2) provides that the Court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

  2. The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

  3. "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

  4. The Debtor requests that the Court judicially notice:

   a. *Musselman, Trustee, v. Appelman,* Case No.: 6:17-ap-00038-KSJ

    b. *Musselman, Trustee, v. Lambert,* Case No.: 6:17-ap-00039-KSJ

    c. *Musselman, Trustee, v. Rome, et al.,* Case No.: 6:17-ap-00040-KSJ

WHEREFORE the Debtor prays the Court judicially notice the adversary proceedings described above, and for such other further relief that the Court deems just and proper.

Respectfully submitted this 14th day of June, 2017.

/s/ Jeffrey S. Ainsworth
Jeffrey S. Ainsworth, Esquire
Florida Bar No.: 060769

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished on this 14th day of June, 2017, by electronic transmission and/or prepaid first class US mail to: Bradley M. Saxton, Esquire, Winderweedle Haines Ward & Woodman, P.A., P.O. Box 1391, Orlando, Florida 32802; Scott E. Bomkamp, Esquire, United States Trustee, 400 W. Washington Street, Suite 1100, Orlando, FL 32801; Cheryl Thompson, Esquire, Thompson Law Practice, P.A., 301 W. Platt Street, Suite 656, Tampa, Florida 33606.

/s/ Jeffrey S. Ainsworth
Jeffrey S. Ainsworth, Esquire
Florida Bar No.: 060769
E-mail: *jeff@bransonlaw.com*
**Branson Law, PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone: (407) 894-6834
Facsimile: (407) 894-8559
Second e-mail: shelly@bransonlaw.com
Attorney for Defendants