# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:

WADE MARTIN ROME &
KATHLEEN MALONEY ROME,

    Debtors.
_____/

Case No. 6:15-bk-02498-KSJ

Chapter 7

UNITED STATES TRUSTEE – ORL 7/13, 7,

    Plaintiff,

v.

WADE MARTIN ROME and KATHLEEN MALONEY ROME,

    Defendants.
_____/

Adv. Proc. No. 6:15-ap-00130-KSJ
*Lead Adversary*

JOHN BELTRAMO, as trustee of the JOHN W. BELTRAMO REVOCABLE TRUST DATED FEBRUARY 27, 1992,

    Plaintiff,

v.

WADE MARTIN ROME and KATHLEEN MALONEY ROME,

    Defendants.
_____/

Adv. Proc. No. 6:15-ap-00131-KSJ

ROBERT THOMAS, individually and as assignee, beneficiary or successor to ROBERT THOMAS III, TRUSTEE OF THE ROBERT THOMAS REVOCABLE TRUST DATED APRIL 6, 1989, FREDERICK LAUFER, individually and as assignee, beneficiary, or successor to FEDERICK LAUFER, M.D., and LAURA WALSH AS TENANTS BY THE

1

ENTIRETIES, and BRIAN KAUFMAN, individually and as assignee, beneficiary or successor to RICHARD F. KAUFMAN and NORMA V. KAUFMAN, TRUSTEES OF KAUFMAN REVOCABLE LIVING TRUST DATED JANUARY 30, 1996,

    Plaintiffs,

v.                                          Adv. Proc. No. 6:15-ap-00132-KSJ

WADE MARTIN ROME,

    Defendant.
_____/

CARLA P. MUSSELMAN, Chapter 7 trustee for the estate of WADE MARTIN ROME and KATHLEEN MALONEY ROME, ROBERT THOMAS, individually and as assignee, beneficiary or successor to ROBERT THOMAS III, TRUSTEE OF THE ROBERT THOMAS REVOCABLE TRUST DATED APRIL 6, 1989, FREDERCK LAUFER, individually and as assignee, beneficiary, or successor to FEDERICK LAUFER, M.D., and LAURA WALSH AS TENANTS BY THE ENTIRETIES, and BRIAN KAUFMAN, individually and as assignee, beneficiary or successor to RICHARD F. KAUFMAN and NORMA V. KAUFMAN, TRUSTEES OF KAUFMAN REVOACBLE LIVING TRUST DATED JANUARY 30, 1996,

    Plaintiffs,                                  Adv. Proc. No. 6:16-ap-00066-KSJ

v.

WADE MARTIN ROME and KATHLEEN MALONEY ROME,

    Defendants.
_____/

2

**OBJECTION TO APEX CREDITORS'
MOTION FOR JUDICIAL NOTICE AND
<u>SECOND MOTION FOR JUDICIAL NOTICE</u>**

COME NOW, Defendants, WADE MARTIN ROME and KATHLEEN MALONEY ROME ("Defendants"), and file this Objection to the Motion for Judicial Notice (Doc. 126 in Adv. Proc. No. 6:15-ap-00132-KSJ), Second Motion for Judicial Notice (Doc. 131 in Adv. Proc. No. 6:15-ap-00132-KSJ), Apex Creditors' Motion for Judicial Notice (Doc. 152 in Adv. Proc. No. 6:15-ap-00132-KSJ) and Apex Creditors' Amended Motions for Judicial Notice (Doc. 153 in Adv. Proc. No. 6:15-ap-00132-KSJ) (collectively, "Motions for Judicial Notice") filed by Plaintiffs, ROBERT THOMAS, individually and as assignee, beneficiary or successor to ROBERT THOMAS III, TRUSTEE OF THE ROBERT THOMAS REVOCABLE TRUST DATED APRIL 6, 1989, FREDERICK LAUFER, individually and as assignee, beneficiary, or successor to FEDERICK LAUFER, M.D., and LAURA WALSH AS TENANTS BY THE ENTIRETIES, and BRIAN KAUFMAN, individually and as assignee, beneficiary or successor to RICHARD F. KAUFMAN and NORMA V. KAUFMAN, TRUSTEES OF KAUFMAN REVOCABLE LIVING TRUST DATED JANUARY 30, 1996 (collectively, the "Apex Creditors"), stating as follows:

**BACKGROUND**

1. In the Motions for Judicial Notice, the Apex Creditors request that the Court take judicial notice of the following documents (collectively, the "Documents"):

    a. a "Bill of Information against Haans Tulving, notice and report of Haans Tulving Plea Agreement; and Tulving Bankruptcy Case Docket," which are attached to the Motion for Judicial Notice as Exhibit A ("Tulving Documents");

    b. a "newspaper article dated 4-15-13 regarding the resignation of Brian Long as the Director of the Missouri Dept. of Revenue and the Annual Reports of the Missouri Department of Revenue Introduction and Organizational Charts for the period from 2012 – 2013[,]" which are attached to the Motion for Judicial Notice as Exhibit B ("Missouri Documents");

    c. an "'Affidavit' and attachments filed in the state court action between the Apex Creditors and the Debtors," which are attached to the Motion for Judicial Notice as Exhibit C ("State Court Affidavit");

    d. a "corporate filing by Wade Rome with the Secretary of State through Sunbiz," which is attached to the Motion for Judicial Notice as Exhibit D ("Sunbiz Filing");

    e. a "verified amended complaint (without exhibits) filed in <u>Robert Thomas et al. v. Wade Rome and Kathleen Rome</u>, Broward Circuit Court Case No. 10-012978," which is attached to the Second Motion for Judicial Notice as Exhibit A ("State Court Complaint"); and

    f. a "judgment filed in <u>Margaret Jane Fortenberry v. Macon Payday Loans and Wade Rome</u>, Macon Circuit Court Case No. 12MA-CC00015," which is attached to the Second Motion for Judicial Notice as Exhibit B ("State Court Judgment").

## LEGAL ARGUMENT

1.    Rule 201, Federal Rules of Evidence ("Evidence Rules"), provides for judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within

the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).[1]

2. "In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." *United States v. Jones*, 29 F.3d 1549 (11th Cir. 1994) (citing 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5104 at 485 (1977 & Supp. 1994)).

3. For the reasons more fully explained below, Defendants do not object to the Court taking judicial notice of the fact that the Tulving Documents, the State Court Affidavit, the Sunbiz Filing, the State Court Complaint, and the State Court Judgment were filed in or with those respective proceedings, tribunals, and governmental agencies; however, Defendants do object to the extent that the Apex Creditors are asking the Court to take judicial notice of those Documents for the truth of the matters asserted therein.

4. In addition, Defendants object to the Court taking judicial notice of facts from the Missouri Documents because they are not generally known within this Court's territorial jurisdiction, and they are not subject to accurate and ready determination from sources whose accuracy cannot reasonably be questioned.

**The Court Can Take Judicial Notice of the Fact that the Documents Were Filed, But Not for the Truth of the Matters Asserted Therein**

5. "It seems clear that a court cannot notice pleadings or testimony as true simply because these statements are filed with the court." 21B C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5106.4 (2d ed.).

---

[1] Although the Apex Creditors cite Evidence Rule 402 as the legal basis for the relief they seek in the Motions for Judicial Notice, it appears the issue is actually governed by Evidence Rule 201.

6.      A "court may take judicial notice of a document filed in another court not for the truth of the matter asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Jones*, 29 F.3d at 1553 (internal quotation and citations omitted).

7.      In *Jones*, the plaintiff and defendant disputed which party had breached an employment contract. *Id.* at 1550-52. The trial court granted summary judgment based the trial court taking judicial notice of findings of fact and references to testimony within a court order entered by a different judge in another lawsuit involving the defendant. *Id.* at 1550. On appeal, the United States Court of Appeals for the Eleventh Circuit reversed, finding that judicial notice was inappropriate because the factual findings in the other lawsuit were not "indisputable." *Id.* at 1553.

8.      As in *Jones*, in this case the Apex Creditors are attempting to use documents from other proceedings, tribunals, and administrative agencies for the truth of the matters set forth therein. For the reasons explained in *Jones*, this is improper.

9.      Furthermore, the Tulving Documents, the Missouri Documents, the State Court Affidavit, the Sunbiz Filing, the State Court Complaint, and the State Court Judgment are all hearsay evidence that should be excluded pursuant to Evidence Rule 803 to the extent they are being offered for the truth of the matter asserted. *Id.* at 1554. "Though judicial notice substitutes for the introduction of evidence, this does not mean that the other exclusionary rules do not apply to the use of a judicially noticed fact. . . . [O]ne of the major abuses of judicial notice, albeit perhaps unwitting, is courts allowing the use of judicial notice of court records to evade the hearsay rule." 21B C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5104 (2d ed.).

10.     Numerous courts have found that judicial notice of court documents and other documents filed in proceedings, tribunals, or with governmental agencies should not be judicially

noticed for the truth of the matter asserted.  *See, e.g., In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 386 n.1 (9th Cir. 2010) (finding that the contents of deposition should not be judicially noticed as a fact); *Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 823 (8th Cir. 2003) (explaining that SEC filings should not be judicially noticed for truth of the matter asserted); *Newman v. San Joaquin Delta Community College District*, 272 F.R.D. 505, 515 (E.D. Cal. 2011) (finding that judicial notice of court documents should not be taken for the truth of the matter asserted because such documents are not indisputable).

11. For the foregoing reasons, Defendants object to the Court taking judicial notice of the Documents for the truth of the matters asserted therein.

### The Facts in the Missouri Documents Are Not Generally Known within the Court's Territorial Jurisdiction, Nor Can They Be Accurately and Readily Determined from Sources Whose Accuracy Cannot Reasonably Be Questioned

12. In order to take judicial notice, the fact must be "generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

13. The facts in the Missouri Documents clearly are not "generally known within the trial court's territorial jurisdiction."  Rather, they are from a newspaper article and a report purportedly from an obscure administrative agency of a distant state.  The facts contained in the Missouri Documents are not generally known in the Middle District of Florida.

14. Nor can the facts asserted in the Missouri Documents be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

15. The "readily determined" element in Evidence Rule 201(b)(2) requires that the source for the fact (1) provide an "immediate determination," and (2) be "readily accessible."  21B C. Wright & K. Graham, Federal Practice and Procedure:  Evidence § 5106.1 (2d ed.).  "A Chinese

almanac that required translation would fail the former; if the almanac were secreted in a Tibetan monastery it fails the latter." *Id*. "[T]he source must be readily accessible so that both sides have ample opportunity to contest the propriety of noticing the fact." *Id.*

16. The Missouri Documents are not readily accessible. The Missouri Documents were never produced in discovery, pursuant to Rule 26(a)(3), Federal Rules of Civil Procedure, or otherwise. They came from a distant state, and the undersigned has been unable to independently confirm the existence of the Missouri Documents, verify their contents, or determine where they came from, much less authenticate them. The Apex Creditors never produced the Missouri Documents to Defendants prior to the Apex Creditors asking the Court to judicially notice them on the eve of the continued trial, so Defendants never had the opportunity to authenticate the Missouri Documents or verify their contents prior to trial. Given that the Missouri Documents are obscure documents from a distant state, it would require an investigative trip to Missouri in order to authenticate them. That does not meet the "readily determined" requirement in Evidence Rule 201(b) because the Missouri Documents are not readily accessible.

17. In addition, as an additional, separate requirement, Evidence Rule 201 requires that the fact to be noticed come from a source whose accuracy cannot reasonably be questioned. *See* 21B C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5106.2 (2d ed.).

18. In this case, the accuracy of the Missouri Documents is questionable.

19. The Eleventh Circuit has explained that a newspaper story is not a source of indisputable accuracy. "That a statement of fact appears in a daily newspaper does not of itself establish that the stated fact is capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." *Cofield v. Alabama Public Service Commission*, 936 F.2d

512, 517 (11th Cir. 1991) (quotation and citation omitted). As such, the Missouri newspaper article should not be judicially noticed and is inadmissible hearsay.

20. Similarly, the "Annual Reports of the Missouri Department of Revenue Introductions and Organizational Charts for the period from 2012 – 2013" is not the type of source that courts have found to have accuracy that cannot reasonably be questioned. *See* 21B C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5106.2 (2d ed.) and cases cited therein (explaining that documents such as calendars, census data, dictionaries, encyclopedias, reference manuals, and treatises have been treated as having accuracy that cannot reasonably be questioned). Since the "Annual Reports of the Missouri Department of Revenue Introductions and Organizational Charts for the period from 2012 – 2013" has not been authenticated and is an obscure document that purports to be from an administrative agency of a distant state, the Apex Creditors have not established that it is a source whose accuracy cannot reasonably be questioned.

21. Furthermore, the "Annual Reports of the Missouri Department of Revenue Introductions and Organizational Charts" is hearsay that cannot be admitted for the truth of the matter asserted under Evidence Rule 803, does not meet any of the exceptions to the hearsay rule, and has not been authenticated and is not self-authenticating under Evidence Rule 902.

22. For these reasons, the Missouri Documents should not be judicially noticed.

## CONCLUSION

23. For the foregoing reasons, the Missouri Documents should not be judicially noticed; and none of the Documents should be judicially noticed for the truth of the matters asserted therein.

WHEREFORE Defendants, WADE MARTIN ROME and KATHLEEN MALONEY ROME, pray the Court will sustain this Objection and deny the Motion for Judicial Notice (Doc.

126 in Adv. Proc. No. 6:15-ap-00132-KSJ) with respect to the documents attached as Exhibit B to the Motion for Judicial Notice (the Missouri Documents); and that the Court will sustain this Objection and deny the Motion for Judicial Notice (Doc. 126 in Adv. Proc. No. 6:15-ap-00132-KSJ), the Second Motion for Judicial Notice (Doc. 131 in Adv. Proc. No. 6:15-ap-00132-KSJ); Apex Creditors' Motion for Judicial Notice (Doc. 152 in Adv. Proc. No. 6:15-ap-00132-KSJ) and Apex Creditors' Amended Motions for Judicial Notice (Doc. 153 in Adv. Proc. No. 6:15-ap-00132-KSJ) as to the truth of the matters asserted in the Exhibits and Documents attached thereto (that is, the Tulving Documents, the Missouri Documents, the State Court Affidavit, the Sunbiz Filing, the State Court Complaint, and the State Court Judgment); and for such other relief the Court deems just and equitable.

Respectfully submitted this 30th day of June, 2017.

/s/ Jeffrey S. Ainsworth
Jeffrey S. Ainsworth, Esquire
Florida Bar No.: 060769
E-mail: *jeff@bransonlaw.com*
**Branson Law, PLLC**
1501 E. Concord Street
Orlando, Florida 32803
Telephone: (407) 894-6834
Facsimile: (407) 894-8559
Second e-mail: shelly@bransonlaw.com
Attorney for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of June, 2017, a true and correct copy of the foregoing has been provided electronically to Cheryl Thompson, Esq. (cthompson@thompsonlawpractice.com), Scott Bomkamp, Esq. (Scott.E.Bokamp@usdoj.gov), Bradley M. Saxton, Esq. (bsaxton@whww.com) via the Court's CM/ECF Filing System, and to all other recipients registered to received electronic notice.

/s/ Jeffrey S. Ainsworth
JEFFREY S. AINSWORTH, ESQ.
Florida Bar No. 60769
**BransonLaw, PLLC**