UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WADE MARTIN ROME & KATHLEEN MOLONEY ROME, | ) ) ) | Case No. 6:15-bk-02498-KSJ |
| | ) | Chapter 7 |
| Debtors. | ) ) | |
| _____ | ) ) | |
| GUY G. GEBHARDT, | ) ) | Adv. No. 6:15-ap-00130-KSJ |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| WADE MARTIN ROME & | ) ) | |
| KATHLEEN MOLONEY ROME, | ) ) | |
| Defendants. | ) ) ) | |

**BRIEF IN SUPPORT OF ACTING UNITED STATES TRUSTEE'S OBJECTION TO ADMISSION OF DEFENDANTS' EXHIBIT LABELED "EVIDENCE SUMMARY" AND ASSOCIATED TESTIMONY OF KATHLEEN ROME**

NOW COMES the Acting United States Trustee for Region 21, Guy Gebhardt, ("Plaintiff" or "UST") and files this brief in support of the UST's oral objection to the admissibility of the exhibit labeled "Evidence Summary" used by the defendants, Kathleen Rome and Wade Rome ("Evidence Summary" and "Defendants") and the associated testimony of Kathleen Rome.[1] In support of the UST's objection, the UST states as follows:

---

[1] The Evidence Summary is filed with the Court as docket number 160 in adversary number 6:15-ap-00132-KSJ and has been designated by the Court as Exhibit 133 (not admitted).

1

## SUMMARY OF ARGUMENT

1. The UST objects to the admissibility of the Evidence Summary and the associated testimony of Kathleen Rome. The Evidence Summary is substantive evidence under Federal Rule of Evidence 1006. The Evidence Summary should be excluded under Local Rule 7001-1(p) because the Evidence Summary was not provided to the UST before trial under the procedure set forth in Local Rule 7001-1(l) or by any other procedure reasonable under the circumstances. In addition, the Evidence Summary should be excluded because no good excuse exists for failure to provide an advance copy of the Evidence Summary and because the UST was prejudiced by not receiving the Evidence Summary in a timely fashion. The associated testimony of Kathleen Rome also should be found to be inadmissible under Local Rule 7001-1(p) because, in the absence of the Evidence Summary, it is without foundation.

## FACTUAL BACKGROUND

2. On September 18, 2015, the chapter 7 trustee, Carla Musselman, filed a complaint objecting to the Defendants' discharge under 11 U.S.C. § 727(a)(2), (3), (4), and (5) to initiate adversary number 6:15-ap-00130-KSJ. On December 19, 2016, the UST was substituted as party plaintiff (Dkt. No. 61).

3. Also on September 18, 2015, a group of Wade Rome's creditors, including Robert Thomas, filed a complaint under 11 U.S.C. § 523 and 727 to initiate adversary number 6:15-ap-00132-KSJ.

4. On October 13, 2016, Fred S. Oscher completed an expert report that was admitted without objection as Exhibit 108 ("Oscher Report"). The Oscher Report compiles the Defendants' receipts and expenditures of both money and gold and opines as to whether particular transactions are "explained" or "unexplained." The Oscher Report concludes that Defendants had unexplained expenditures of $1,206,998.

5. The Court held a combined trial on both of the complaints on February 21, 22, and 23, 2017 and on June 12, 13, and 14, 2017.

6. At trial, Kathleen Rome testified as part of the Defendants' case-in-chief on June 13 and 14, 2017. She testified that she received the Oscher report on or about October 2016. She testified that the purpose of the Evidence Summary was to challenge the Oscher Report and the Oscher Report's designation of "explained" versus "unexplained" transactions. She testified that the Evidence Summary was completed on June 11, 2017, which is the day before the continued trial.

7. Counsel for the UST saw the Evidence Summary on June 12, 2017 in a cursory fashion. Counsel for the UST first received a copy of the Evidence Summary at the time of Kathleen Rome's testimony on June 13, 2017. Upon information and belief, creditors' counsel received a copy of the Evidence Summary on June 12, 2017.

8. The Evidence Summary is in the nature of an expert report and contains inferences, opinions, and calculations. These include the following:

   a. The Evidence Summary calculates "depreciation" of gold and silver by reference to difficult-to-interpret charts (Evidence Summary 105-127);

   b. The Evidence Summary extrapolates representative living expenses (without explaining the methodology employed) (Evidence Summary 50-105);

   c. The Evidence Summary extrapolates representative expenses associated with Wade Rome's alleged drug addiction (without explaining the methodology employed) (Evidence Summary 132-141);

   d. The Evidence Summary infers losses of cash and gold based upon complaints filed by the chapter 7 trustee (Evidence Summary 38-45); and

   e. The Evidence Summary infers loss of gold based upon a (non-itemized) schedule attached to the Defendants' 2014 tax return.

9. In addition, the Evidence Summary contains many items that would have been grounds for impeachment if counsel had the Evidence Summary in advance of trial. Possible grounds for impeachment would include the following:

    a. Impeachment based upon the methodology (or lack thereof) by which the Defendants reached their opinions, inferences and calculations;

    b. Impeachment based upon the illegibility of receipts and money orders included in the Evidence Summary (e.g., Evidence Summary 80-82);

    c. Impeachment based upon inconsistencies between expenses set forth in the Evidence Summary and Kathleen Rome's prior testimony. (Creditor's counsel offered some impeachment on this basis.); and

    d. Impeachment based upon whether certain transactions listed as "explained" in the Evidence Summary were, in fact, adequately explained. An example is the cash deposits listed at page 105 of the Evidence Summary.

## LAW AND ARGUMENT

### A. The Evidence Summary is Substantive Evidence

10. The Evidence Summary falls under Federal Rule of Evidence 1006, which provides that "[t]he proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." This conclusion is inescapable because the underlying records are voluminous, because it is labeled as a "summary," and because it includes numerous charts and calculations. According to the Eleventh Circuit, "[o]nce admitted, a Rule 1006 exhibit constitutes substantive evidence." Peat v. Vanguard Research, Inc., 378 F.3d 1154, 1159 (11th Cir. 2004).

### B. The Evidence Summary was not Disclosed Pursuant to Local Rule 9070-1(l)(1) or Another Reasonable Procedure under the Circumstances

11. The Defendants did not comply with Local Rule 9070-1(l)(1). Local Rule 9070-1(l) requires that parties submit exhibits electronically before trial. Of course, the Court allows parties to deviate from Local Rule 9070-1 for cause. However, the Defendants also did not follow another procedure reasonable under the circumstances. Given the bifurcated nature of the trial, the Defendants could have filed an appropriate motion with the Court after the first three days of trial or at least provided the parties with an advance copy of the Evidence Summary via Email. The Defendants did none of these things.

### C. The Defendants have no Good Excuse for not Timely Providing the Evidence Summary

12. The Defendants have no good excuse for not providing the Evidence Summary in advance of the continued trial. The Defendants had the Oscher report since October 2016. As such, they had adequate time to provide the Evidence Summary in advance of the continued trial.

### D. The UST was Prejudiced by the Defendants not Providing the Evidence Summary

13. The UST was prejudiced by not receiving the Evidence Summary in a timely fashion. If the UST timely had received the Evidence Summary, the UST would have impeached Kathleen Rome on the following grounds: the methodology (or lack of methodology) behind the Defendants' calculations; the illegibility of receipts; inconsistencies between Kathleen Rome's prior testimony and the contents of the Evidence Summary; and the insufficiency of explanation regarding certain "explained" transactions. The UST was not able to meaningfully impeach Kathleen Rome because there was no prior opportunity to examine the Evidence Summary.

### E. The Evidence Summary and Associated Testimony of Kathleen Rome Should be Inadmissible

14. The Evidence Summary should be excluded from evidence and the associated testimony of Kathleen Rome should be stricken from the record. Local Rule 7001-1(p) provides that

"[f]ailure to comply with all requirements of this rule may result in the imposition of sanctions that could include the striking of a party's pleading or the denial of the right to introduce evidence or witness testimony." In this case, an appropriate sanction would be to find the Evidence Summary to be inadmissible. In addition, the testimony of Kathleen Rome in connection with the Evidence Summary should be stricken from the record both as a sanction and because it is without foundation in the absence of the Evidence Summary.[2]

WHEREFORE, the UST requests that the Court (1) find that the Evidence Summary is inadmissible; (2) strike the related testimony of Kathleen Rome; and (3) take such other action as the Court deems necessary.

DATED:  June 30, 2017                    RESPECTFULLY SUBMITTED,

                                         */s/  Scott Bomkamp*
                                         Scott Bomkamp, Trial Attorney
                                         Indiana Bar No.: 28475-49
                                         Office of the UST
                                         U.S. Department of Justice
                                         400 W. Washington St., Suite 1100
                                         Orlando, FL 32801
                                         Telephone No.:   (407) 648-6301, Ext. 150
                                         Facsimile No.:   (407) 648-6323
                                         Email: scott.e.bomkamp@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 30, 2017 I have caused a true and correct copy of the foregoing Brief to be served on all parties appearing electronically via CM/ECF.

                                              */s/   Scott Bomkamp*
                                              Scott Bomkamp, Trial Attorney

---

[2] The UST does not request costs or attorney fees.